UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL EVANS,                                    Case No.:  1:24-cv-01355-HYJ-RSK

        Plaintiff,                           Honorable Hala Y. Jarbou

v.

CITY OF WHITE CLOUD and
APRIL STORMS, in her individual
and official capacities,

        Defendants.
_____/

| | |
|---|---|
| Katherine Smith Kennedy (P54881)<br>PINSKY SMITH PC<br>Attorneys for Plaintiff<br>146 Monroe Center Street, NW, Suite 418<br>Grand Rapids, MI 49503<br>(616) 451-8496<br>kskennedy@pinskysmith.com | Craig R. Noland (P30717)<br>Bogomir Rajsic, III (P79191)<br>Tracey R. DeVries (P84286)<br>McGRAW MORRIS P.C.<br>Attorneys for Defendants<br>44 Cesar E. Chavez Avenue, SW, Suite 200<br>Grand Rapids, MI  49503<br>(616) 288-3700/Fax (248) 502-4001<br>cnoland@mcgrawmorris.com<br>brajsic@mcgrawmorris.com<br>tdevries@mcgrawmorris.com |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME Defendants, City of White Cloud and April Storms, by and through their attorneys, McGraw Morris PC, and for their Answer to Plaintiff's Complaint states:

### JURISDICTION, VENUE, AND PARTIES

1.      This is an action requesting the Court to remedy violations of Plaintiff's right to Due Process of Law under the Fourteenth Amendment of the Constitution, pursuant to 42 U.S.C. § 1983, and the First Amendment of the Constitution.

**ANSWER:      The conclusory allegations are denied as untrue.**

2.      This action includes allegations of violations of Plaintiffs' rights under Michigan's Whistleblowers' Protection Act, Mich. Comp. Laws § 15.361 *et seq.* ("WPA"); defamation laws,

1

violations of the Open Meetings Act, and amounted to Tortious Interference with Business Relationships.

**ANSWER:    Admitted this paragraph contains an accurate recitation of the claims asserted in Plaintiff's Complaint against Defendants, but denied that Defendants engaged in any wrongdoing or violations and that Plaintiff is entitled to relief of any kind.**

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:    The allegations constitute legal conclusions for which no answer is required.**

4.    Plaintiff is a resident of Newaygo County, Michigan, and the Western District of Michigan, Southern Division, and was the Chief of Police of the City of White Cloud.

**ANSWER:    Admitted upon information and belief that Plaintiff is a resident of Newaygo County, Michigan. Admitted that Plaintiff was previously the Chief of Police for the City of White Cloud.**

5.    Defendant City of White Cloud ("the City") is a city within the State of Michigan and does business in the Western District of Michigan, Southern Division.

**ANSWER:    Admitted.**

6.    Defendant April Storms is the City Manager and City Treasurer. She works within the City of White Cloud, County of Newaygo, Michigan.

**ANSWER:    Admitted.**

7.    The acts that are the subject of this action occurred in Newaygo County, Michigan.

**ANSWER:    Defendants deny the acts as characterized and alleged but do not contest venue.**

8.    Venue is proper within this judicial district under 28 § 1391(b).

**ANSWER:    Defendants deny the acts as characterized and alleged but do not contest venue.**

## FACTUAL ALLEGATIONS

9.      Plaintiff relies on all prior allegations as if restated herein.

**ANSWER:    Defendants incorporate by reference their prior responses.**

10.      Plaintiff was an excellent leader of the White Cloud Police Department for eight (8) years. He had worked for the City of White Cloud in part-time and full- time capacity over the course of several years prior, beginning in 2006.

**ANSWER:    Admitted that Plaintiff served as the Chief of Police for the City of White Cloud Police Department for approximately eight years and that he was employed in various capacities within the White Cloud Police Department since approximately 2006. The balance of the allegations are denied as untrue.**

11.      In 2016, Plaintiff was recommended for the Chief of Police role and was appointed by the City Council as Chief of Police unanimously. He proudly accepted the role and with honor and served the City of White Cloud as their Police Chief. He had good relationships with his officers and with members of other police agencies, and with members of the public. Plaintiff and his wife and children had made a home in White Cloud over the past couple decades.

**ANSWER:    Admitted that Plaintiff began his tenure as the Chief of Police for the City of White Cloud in 2016. Denied that Plaintiff had a good relationship with all of his officers. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

12.      Plaintiff received excellent evaluations and never had any discipline up until the summer of 2024, and had a good working relationship with all of the City Managers he worked

under, including Defendant City Manager April Storms.

**ANSWER:    Denied that Plaintiff had a good working relationship with all of the City Managers he worked with. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

13.    There were two significant safety issues that Plaintiff became concerned with and had brought to the attention of City administrators in the Spring and Summer of 2024. While not a part of his job duties, these matters were of concern to him for the citizens of the City and County, as well as any visitors to the area. One was concerning the City water pump (or water lift) – where the surrounding fencing and other protective equipment of the area was in terrible shape and left it open to negligent or intentional actions that could bring great damage to the public. The second concern was the fencing to keep people from accessing the dam. It was also faulty, rusted, and without proper signage.

**ANSWER:    Denied that any significant safety issues existed with respect to the fencing around either the water pump or the dam. Denied that the fencing around the locked building that housed one of the City's water pumps was in "terrible shape". Denied that the fencing around the dam was faulty, rusted, or without proper signage. Admitted that in passing Plaintiff mentioned what he may have perceived as issues to City administration at some point in 2024. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

14.    These were hazardous conditions exposing the public to grave danger that was being ignored by those in control of the funds and means to do something about them.

**ANSWER:**      **The allegations are denied as untrue.**

15.      He brought the issues to the attention of the City Manager, Defendant April Storms, and Department of Public Works supervisor Donald Barnhard several times both verbally and via email. Neither Storms nor Barnhard seemed to be interested in seriously addressing these dangerous circumstances, but Storms said for Plaintiff to give it about a month and a half and something will be done.

**ANSWER:**      **Admitted that in passing Plaintiff mentioned what he may have perceived as issues as addressed above in Defendants' answer to ¶ 13 above. Denied that any hazardous conditions existed or that such alleged conditions were serious.  The balance of the allegations are denied as untrue.**

16.      Defendant Storms then subsequently issued a letter to Plaintiff for an alleged incident (the documentation contained untrue statements by Defendant Storms) in which Plaintiff took some responsibility, but no actual discipline and it did not result in any missed work or pay. She then wrote Plaintiff up for another situation that was completely and entirely without merit. These were the first and only times Plaintiff was *ever disciplined at any time in his professional career with the City of White Cloud*.

**ANSWER:**      **Admitted that Plaintiff was disciplined. Denied that the Defendant Storms made untrue statements in disciplining Plaintiff. Denied that Plaintiff took any responsibility for the events leading to his discipline. Denied that Plaintiff's discipline was without merit. Denied to the extent the allegations imply that Plaintiff's discipline had anything to do with his misplaced belief of hazardous conditions in the City. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient**

information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs

17.    In August of 2024, Plaintiff formally met with Defendant Storms and DPW Supervisor Barnhard about the seriousness of the two hazardous property conditions and the fact that it had been months since the two of them had agreed something would be done about the hazardous situations. Both the Defendant City Manager and DPW Supervisor Barnhard were upset with Plaintiff for bringing the issue up again. When Plaintiff brought up that the situations could cause tremendous liability for the City or County, Sup. Barnhard responded that even if they were fixed, they would get sued anyway. That was upsetting to Plaintiff.

**ANSWER:**    **Admitted that Plaintiff met with Defendant Storms and Mr. Barnhard in August, 2024. Denied that any hazardous conditions existed or that such alleged conditions were serious. Denied to the extent the allegations imply there was any need to fix the non-existent issues. Denied that Defendant Storms and/or Mr. Barnhard agreed to fix issues that did not exist. Denied that Plaintiff's proclaimed issues could cause tremendous liability for the City because the issues did not exist. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

18.    Also in August of 2024, Defendant Storms performed an annual evaluation for Plaintiff that was very good. In that evaluation there were nearly all very positive comments and scores – no mention of poor leadership qualities, or complaints against him or anything related to the good performance of his job. This was not surprising as all of Plaintiff's annual evaluations were excellent.

**ANSWER:    Admitted that Plaintiff was evaluated in August, 2024. To the extent Plaintiff's allegations relate to a written document, the document speaks for itself and allegations to the contrary are denied as untrue. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

19.    Even after meeting where the seriousness of the issue was discussed and the relative ease of the way to fix the problem, nothing had been done by the last week of September.

**ANSWER:    Denied that any hazardous conditions existed or that such alleged conditions were serious. Denied to the extent the allegations imply there was any need to fix the non-existent issues. Admitted that the City did not take action to fix issues that did not exist.**

20.    On Friday September 27, after seeing children exposed to the dangers of one of the hazardous conditions, where he saw that a couple kids had gotten around the fence near the dam to go fishing, Plaintiff wrote two official reports on these serious issues of public concern and submitted it into the police system. Plaintiff intent was to notify the EGLE or other relevant State agency early the following week after determining the best course of action. (See Exhibits A and B).

**ANSWER:    Admitted the Plaintiff wrote two reports which were submitted into the system. To the extent the allegations relate to a written document, the document speak for itself and allegations to the contrary are denied as untrue. Plaintiff's allegations regarding the existence of hazardous conditions are denied as untrue. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs. By way of further answer, when Plaintiff filed the reports in the system, he**

**locked the reports so that no one else could access them, thereby hiding the information contained in the reports which supports the inference that Plaintiff was not filing the reports in the public interest, but rather to promote his own self-interest.**

21. On Friday September 27, one of Plaintiff's officers was also filing reports, and called Plaintiff when the officer saw that Plaintiff had filed his reports. The officer inquired into the circumstances surrounding the reports and asked if he needed to do anything about them. Plaintiff responded that there was nothing for the officer to concern himself with at this time and that Plaintiff was going to deal with it later. Upon information and belief, Defendant Storms was notified by the officer that the reports in question had been filed.

**ANSWER:    Denied that Defendant Storms was notified that the reports in question had been filed. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

22. On Tuesday October 1, Defendant Storms came into Plaintiff's office with two other officials and fired him on the spot. There was no notice of his termination, no reasons given for his termination, no pre-termination hearing, nor any allowance for Plaintiff to defend himself. He had not been suspended pending investigation and, in fact, there was no investigation. He was escorted out of the building by the County Sheriff and had to call his wife to pick him up from work.

**ANSWER:    Admitted that Plaintiff was terminated on October 1, 2024. Denied that there was any need to provide Plaintiff notice, reasons for his termination, pre-termination hearing, or an opportunity for Plaintiff to defend himself because Plaintiff was an at-will employee. Admitted that Plaintiff was escorted out of the building. The balance of the**

**allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

23.    Upon information and belief, the termination took place without input of the City Council, without notice, and without any sort of hearing.

**ANSWER:    Denied that there was any requirement to obtain any input of the City Council or to provide notice or an opportunity to be heard because Plaintiff was an at-will employee.**

24.    Not coincidentally, the hazardous conditions surrounding the water-lift system were magically fixed and the road over the dam was suddenly closed for repairs within days of Plaintiff's termination.

**ANSWER:    Plaintiff's allegations regarding the existence of hazardous conditions are denied as untrue. By way of further answer, the road over the dam was indeed closed for repairs, but those repairs had nothing to do with any hazardous conditions as alleged by Plaintiff.**

25.    Defendant Storms wrote a defamatory letter with contrived pre-textual reasons for Plaintiff's termination to the City Council, as well as to MCOLES, after she terminated Plaintiff. She foisted additional hardship and reputational damages onto Plaintiff.

**ANSWER:    The allegations are denied as untrue.**

26.    The October 9 letter said such knowingly untrue things: that there were complaints that Plaintiff had a practice of humiliating members of the public as well as breaching professional confidentiality rules, created a hostile and intimidating environment, fostered an environment of distrust, and that his "nit picking" had severely affected department morale. None of these things

9

were true, there was no evidence of such things happening, and, most importantly, not one fact of any of the situations brought up in this document were discussed with Plaintiff before his termination, nor written in the City Manager's evaluation of his work performance just weeks prior.

**ANSWER:     To the extent the allegations in this paragraph are based on a written document, the document speaks for itself and allegations to the contrary are denied as untrue. Denied that Defendants made any untrue statements regarding Plaintiff. The balance of the allegations are denied as untrue.**

27.     A special closed meeting took place on November 20, 2024, was arranged by the parties' attorneys to discuss post-termination potential actions on the part of the City Council, but nothing came to fruition from that meeting.

**ANSWER:     Admitted that a closed session meeting occurred on November 20, 2024. Denied that nothing came from that meeting. The balance of the allegations can neither be admitted nor denied for the reason that discussing the contents of a closed session meeting would violate the Michigan Open Meetings Act.**

28.     Defendant Storms put an ad for the White Cloud Police Chief in the local paper, immediately after the firing to further humiliate Plaintiff. It was highly unusual to do so, and the intention was to spread the word to the community that Plaintiff was fired.

**ANSWER:     The allegations are denied as untrue.**

29.     Upon learning that Plaintiff may be looking for work, Plaintiff was immediately called by another area police department and asked to interview for a position with this police agency. He went through the application and interviewing process, was given a conditional offer of employment to be an officer/detective with the Lake County Sheriff's Office, then later

potentially promote into leadership in the Spring of 2025.  After three-and-a-half weeks into the process and waiting for one more test, Plaintiff was called by the hiring contact and told that the offer was rescinded after learning additional information.

**ANSWER:    The allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

30.    Upon information and belief, Defendant Storms or an agent of Defendant Storms had uttered falsehoods about Plaintiff and destroyed his ability to be hired.

**ANSWER:    The allegations are denied as untrue.**

31.    Plaintiff is unemployed and now virtually unemployable in his field. This is due to Defendant Storms' and the City's actions and untrue words and information publicized to others, and his reputation has been destroyed.

**ANSWER:    Denied that Defendants, through actions or words, publicized any untrue information regarding Plaintiff. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

<div align="center">

**COUNT I**
**VIOLATION OF DUE PROCESS OF LAW UNDER THE FOURTEENTH**
**AMENDMENT OF THE CONSTITUTION**

</div>

32.    Plaintiff relies on all prior allegations as if restated herein.

**ANSWER:    Defendants incorporate by reference their prior responses.**

33.    Plaintiff Dan Evans was appointed by a City Council by vote to be the Chief of Police and was subject to a clearly stated progressive discipline policy through the City's policies and manuals which created a legitimate expectation of for cause employment.

**ANSWER:    The allegations are denied as untrue.**

34.     These facts created a reasonable expectation and legally-enforceable term of employment that Defendants offered "just cause" employment protection to Plaintiff.

**ANSWER:     The allegations are denied as untrue.**

35.     Plaintiff has a property interest in his employment pursuant to the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and *Loudermill v. Cleveland Board of Education*, 470 U.S. 532 (1985) ("*Loudermill*"). Defendants could only lawfully terminate Plaintiff's job position if they did so after providing him required due process of law, and if they had a "just cause" reason for firing him.

**ANSWER:     Denied that Plaintiff had a property interest in his employment with the City of White Cloud. The balance of the allegations constitute legal conclusions for which no answer is required. Allegations to the contrary are denied as untrue.**

36.     Even if Plaintiff did not have a property interest in his position as the Chief of Police, he certainly had due process rights to notice and hearing, and ability to face any allegations or accusations against him and be able to offer evidence to support his defenses. He was the White Cloud Police Chief appointed by the White Cloud city council.

**ANSWER:     The allegations are denied as untrue.**

37.     On October 1, 2024, Defendants discharged Plaintiff without providing him with either a fair pre-termination notice and hearing, and/or post-termination hearing, contrary to the Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983; and *Loudermill*, thereby depriving him of due process of law.

**ANSWER:     The allegations are denied as untrue.**

38.     On October 1, 2024, Defendants discharged Plaintiff without having sufficient cause and reason for the termination, and in retaliation for his Protected Activity.

**ANSWER:**    **The allegations are denied as untrue.**

39.    As a result of Defendants' failure to provide a fair pre-termination and/or post-termination due process, Defendants are liable to Plaintiff for damages, including lost wages and benefits; future lost wages and benefits and/or reinstatement to his prior or equivalent position; compensatory damages for emotional and mental distress; attorney fees and costs and punitive damages.

**ANSWER:**    **The allegations are denied as untrue.**

40.    Similarly, as a result of Defendants' failure to have sufficient cause and reason for Plaintiff's termination, Defendants are liable to Plaintiff for damages, including lost wages and benefits; future lost wages and benefits and/or reinstatement to his prior or equivalent position; compensatory damages for emotional and mental distress; attorney fees and costs; and punitive damages.

**ANSWER:**    **The allegations are denied as untrue.**

WHEREFORE, Defendants request that this Honorable Court enter judgment in their favor, dismissing Plaintiff's Complaint and taxing all fees, including attorney's fees, against Plaintiff.

## COUNT II
## VIOLATION FIRST AMENDMENT OF THE CONSTITUTION

41.    Plaintiff relies on all prior allegations as if restated herein.

**ANSWER:**    **Defendants incorporate by reference their prior responses.**

42.    Plaintiff engaged in political speech when he voiced his concerns regarding dangerous and hazardous conditions that other departments of the City were refusing to address, which is protected by the First Amendment.

**ANSWER:**    **The allegations are denied as untrue.**

43.     Defendants have treated Plaintiff differently and made decisions about his employment based on his speech and vocalizing his concerns for the public at large. Plaintiff's communications to the City Manager, to Department of Public Works Supervisors and others about the failure to fix the hazardous conditions is protected speech. The reports Plaintiff filed on September 27, 2024 are protected speech.

**ANSWER:     The allegations are denied as untrue.**

44.     Defendants' stated reasons for terminating Plaintiff's employment are neither legitimate, correct, nor the actual motivations for their actions. These Defendants' stated reasons are a pretext for unlawful retaliation which violates the First Amendment.

**ANSWER:     The allegations are denied as untrue.**

45.     Defendants are state actors.

**ANSWER:     The allegations constitute legal conclusions for which no answer is required.**

46.     The actions of Defendants violated Plaintiff's First Amendment rights.

WHEREFORE, Defendants request that this Honorable Court enter judgment in their favor, dismissing Plaintiff's Complaint and taxing all fees, including attorney's fees, against Plaintiff.

## COUNT III
## VIOLATION OF THE MICHIGAN WHISTLBLOWER'S PROTECTION ACT

47.     Plaintiff relies on all prior allegations as if restated herein.

**ANSWER:     Defendants incorporate by reference their prior responses.**

48.     Plaintiff is an "employee" as defined by WPA.

**ANSWER:     The allegations constitute legal conclusions for which no answer is required.**

49.     Defendants are an "employer" and "public bodies" as defined by WPA.

**ANSWER:     The allegations constitute legal conclusions for which no answer is required.**

14

50.     The City of White Cloud is a "public body" as defined by WPA.  The State of Michigan is a "public body" as defined by WPA.

**ANSWER:**     **The allegations constitute legal conclusions for which no answer is required.**

51.     Defendants engaged in acts of retaliation toward Plaintiff because he reported and/or was "about to report" their reports of violations of safety violations, law and/or regulations to public bodies, i.e., Defendant City and the State of Michigan, and terminated Plaintiff Dan Evans' employment because of Plaintiffs' verbal complaints, written reports, and knowledge he was about to report such violations to the State of Michigan.

**ANSWER:**     **The allegations are denied as untrue.**

52.     Defendants' termination of Plaintiff Daniel Evans is a violation of WPA, for which Defendants are liable to Plaintiff for damages under WPA.

**ANSWER:**     **The allegations are denied as untrue.**

WHEREFORE, Defendants request that this Honorable Court enter judgment in their favor, dismissing Plaintiff's Complaint and taxing all fees, including attorney's fees, against Plaintiff.

## <u>COUNT IV</u><br><u>VIOLATIONS OF THE</u><br><u>MICHIGAN OPEN MEETINGS ACT</u>

53.     Plaintiff relies on all prior allegations as if restated herein.

**ANSWER:**     **Defendants incorporate by reference their prior responses.**

54.     The Open Meetings Act applies to the White Cloud City Council.

**ANSWER:**     **The allegations constitute legal conclusions for which no answer is required.**

55.     The OMA requires that all deliberations and decisions of a public body must take place at a public meeting in an accessible place open to the general public at which a person can address the meeting. MCL 15.263(1).

**ANSWER:**      **The allegations constitute legal conclusions for which no answer is required.**

56.     The OMA requires that all deliberations of a public body constituting a quorum of its members must generally take place at a meeting open to the public. MCL 15.263(3).

**ANSWER:**      **The allegations constitute legal conclusions for which no answer is required.**

57.     The OMA does not allow a public body to go into closed session to discuss the termination of a public employee appointed by the City Council without the approval of the employee in question.

**ANSWER:**      **The allegations constitute legal conclusions for which no answer is required.**

58.     The OMA does not allow a public body to meet behind closed doors or go into closed session to discuss a termination of a public employee after the termination has already occurred.

**ANSWER:**      **The allegations constitute legal conclusions for which no answer is required.**

59.     Defendants did not have a valid, lawful reason to fire Plaintiff without notice or hearing.

**ANSWER:**      **The allegations are denied as untrue.**

60.     The OMA required any deliberation about Plaintiff's employment to occur in a public meeting prior to the time he was terminated.

**ANSWER:**      **The allegations constitute legal conclusions for which no answer is required.**

61.     Defendants' decision fire Plaintiff disregarding the requirements of the OMA session violated the OMA.

**ANSWER:**      **The allegations are denied as untrue.**

62.     Defendants' violation of the OMA was intentional.

**ANSWER:**      **The allegations are denied as untrue.**

63.     Accordingly, Plaintiff is entitled to relief under Section 10, 11 and 13 of Open Meetings Act, MCL 15.271.

**ANSWER:     The allegations are denied as untrue.**

WHEREFORE, Defendants request that this Honorable Court enter judgment in their favor, dismissing Plaintiff's Complaint and taxing all fees, including attorney's fees, against Plaintiff.

<div align="center">

**COUNT V**
**DEFAMATION**
</div>

64.     Plaintiff relies on all prior allegations as if restated herein.

**ANSWER:     Defendants incorporate by reference their prior responses.**

65.     Defendants' agents made false and defamatory statements about Plaintiff to the City Council, White Cloud community, MCOLES, and the public at large which included potential future employers.

**ANSWER:     The allegations are denied as untrue.**

66.     Defendants intentionally painted Plaintiff in a false light when its agents issued false statements through its letters and publications. Defendants' officials made intentional misstatements and misleading intimations in order to accomplish what Defendants' officials saw as a benefit to Defendants: to attempt to boost public opinion for its decision and to attempt to limit questions about why it terminated Plaintiff – all to the great detriment and damage to Plaintiff.

**ANSWER:     The allegations are denied as untrue.**

67.     Defendants painted Plaintiff in a false light and stated intentional falsehoods in its letters and publications with actual malice toward him and his reputation. Defendants acted in reckless disregard for the truth when it uttered the falsehoods about Plaintiff.

**ANSWER:     The allegations are denied as untrue.**

68.    The falsehoods in Defendants' letters and publications caused special harm to Plaintiff because they were made to the White Cloud community, which included Plaintiff's colleagues and fellow community members.

**ANSWER:    The allegations are denied as untrue.**

69.    Through its publication to the White Cloud community, Defendants' letters and publications damaged Plaintiff's professional reputation and future professional opportunities.

**ANSWER:    The allegations are denied as untrue.**

70.    Defendants defamed Plaintiff when its agents committed the acts as aforesaid.

**ANSWER:    The allegations are denied as untrue.**

71.    Plaintiff has suffered irreparable harm and damages in that he has been unlawfully defamed in the White Cloud community.

**ANSWER:    Denied that Defendants defamed Plaintiff. The balance of the allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

WHEREFORE, Defendants request that this Honorable Court enter judgment in their favor, dismissing Plaintiff's Complaint and taxing all fees, including attorney's fees, against Plaintiff.

## COUNT VI
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS OR EXPECTATION

72.    Plaintiff relies on all prior allegations as if restated herein.

**ANSWER:    Defendants incorporate by reference their prior responses.**

73.    Plaintiff had a business relationship with MCOLES (Michigan Commission on Law Enforcement Standards) regarding his licensing as a police officer in the State.

**ANSWER:    The allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

74.    His continued maintenance of the standards required by MCOLES had a reasonable likelihood of future economic benefit to Plaintiff.

**ANSWER:    The allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

75.    Plaintiff also had a business expectancy with Lake County Sheriff's Office as they had offered him a job in a position as a police officer.

**ANSWER:    The allegations are neither admitted nor denied for the reason that Defendants are without sufficient information to form a belief as to the truth thereof and therefore leave the Plaintiff to his strictest proofs.**

76.    Defendants knew of these relationships and expectancies.

**ANSWER:    The allegations are denied as untrue.**

77.    Defendants, by communicating false and misleading facts about Plaintiff and his performance as an officer, intentionally and improperly interfered with these business relationships and expectancies.

**ANSWER:    The allegations are denied as untrue.**

78.    Defendants caused disruption and/or termination of these relationships and expectancies.

**ANSWER:    The allegations are denied as untrue.**

79.    Plaintiff was and is economically damaged because of Defendants conduct.

19

**ANSWER:**    The allegations are denied as untrue.

WHEREFORE, Defendants request that this Honorable Court enter judgment in their favor, dismissing Plaintiff's Complaint and taxing all fees, including attorney's fees, against Plaintiff.

<div align="right">

McGRAW MORRIS, P.C.
Attorneys for Defendants

</div>

Dated:  March 3, 2025            BY:    /s/      Bogomir Rajsic, III
                                        Craig R. Noland (P30717)
                                        Bogomir Rajsic, III (P79191)
                                        Tracey R. DeVries (P84286)
                                        44 Cesar E. Chavez Avenue SW, Suite 200
                                        Grand Rapids, MI  49503
                                        (616) 288-3700/Fax (248) 502-4001
                                        cnoland@mcgrawmorris.com
                                        brajsic@mcgrawmorris.com
                                        tdevries@mcgrawmorris.com

## AFFIRMATIVE DEFENSES

NOW COME Defendants, City of White Cloud and April Storms, by and through their attorneys, McGraw Morris PC, and for their Affirmative Defenses states:

1.      Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, contractual period of limitations and/or laches.

3.      All claims brought against the individually named Defendant in her official capacity are redundant to the claims against the municipality and should be dismissed.

4.      Plaintiff does not have any viable constitutional claims against the individual Defendant sued in her individual capacity.  Any such claim fails to state a cause of action in avoidance of qualified immunity, or otherwise.

5.     The individually named Defendant is entitled to qualified immunity.

6.     Plaintiff has failed to identify any deficient custom, policy, practice, or procedure and, as such, has failed to state a cause of action against Defendant City of White Cloud, and has specifically failed to state a viable municipal liability claim.

7.     Plaintiff had no property interest in continued employment with the City of White Cloud and, as such, was not entitled to any process prior to his termination.

8.     Plaintiff has no property interest in procedures and has failed to state a procedural due process claim.

9.     Plaintiff was an at-will employee that could be terminated at any time and for any reason.

10.    Plaintiff is precluded from bringing or maintaining a cause of action by reason of his own actions, omissions, statements, and/or conduct and the doctrine of unclean hands.

11.    Plaintiff unreasonably failed to take advantage of the preventative/corrective opportunities provided or to avoid harm otherwise.

12.    Subject to a reasonable opportunity to investigation and discovery, Plaintiff's claims may be barred in whole or in part by the after-acquired evidence doctrine.

13.    Plaintiff's claims under the Whistleblower's Protection Act fail because he did not engage in protected speech or protected activity with respect to his claim; he did not suffer an adverse employment action as his compensation, and the terms, conditions, location, and privileges of his employment have not changed; and there is no evidence to establish a causal connection between his alleged protected activity and Defendants' alleged retaliation.

14.    With respect to the Whistleblower's Protection Act claim, Defendants had legitimate, non-pretextual business reasons for all actions taken with regard to Plaintiff, and would

have made the same decisions and taken the same actions with respect to Plaintiff regardless of whether Plaintiff had exercised his rights under any applicable statute.

15.    Plaintiff's tort claims against Defendant City of White Cloud are barred by governmental immunity, MCL 691.1407, *et seq.*, and Plaintiff failed to plead in avoidance of governmental immunity.

16.    Plaintiff's Complaint against Defendant Storms fails to state a cause of action in avoidance of governmental immunity, and Defendant Storms is absolutely immune under MCL 691.1407(5).

17.    Plaintiff's tort claims against Defendants are barred by governmental immunity, MCL 691.1407, *et seq.*

18.    Defendants have not violated the Michigan Whistleblower's Protection Act or any other federal or state statute or law, and has fulfilled any and all obligations owed to Plaintiff.

19.    Any actions taken by Defendants with regard to Plaintiff were taken solely for legitimate, non-retaliatory reasons.

20.    Plaintiff cannot demonstrate that any actions taken against him were pretextual.

21.    Defendants acted in good faith and with a reasonable belief that their actions were in compliance with all applicable statutory and common law.

22.    Defendants will show at the time of trial that they were guided by and strictly observed all legal duties and obligations and that any and all actions of Defendants were careful, prudent, proper and lawful.

23.    Plaintiff has failed to mitigate his alleged damages.

24.    Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

25.    Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

26.    Plaintiff did not engage in protected activity with respect to his claims or employment.

27.    Plaintiff, as a matter of law, is not entitled to exemplary or punitive damages because there is no evidence Defendants engaged in any discriminatory practice with malice or with reckless indifference or otherwise acted in bad faith.

28.    Defendants are entitled to a set off from any collateral sources that Plaintiff is receiving or has-received benefits.

29.    Defendants will show at the time of trial that Plaintiff was guilty of negligence or willful conduct which contributed to the incidents complained of, and his conduct in this regard was the sole or partial cause of any action or injury complained of, and Plaintiff's recovery should be barred or diminished to the extent of such conduct.

30.    Defendants reserve the right to raise additional affirmative and other defenses as they become known during the course of discovery or trial of this matter.

<div style="margin-left: 40%;">

McGRAW MORRIS, P.C.
Attorneys for Defendants

</div>

Dated:  March 3, 2025          BY:    */s/    Bogomir Rajsic, III*
Craig R. Noland (P30717)
Bogomir Rajsic, III (P79191)
Tracey R. DeVries (P84286)
44 Cesar E. Chavez Avenue SW, Suite 200
Grand Rapids, MI  49503
(616) 288-3700/Fax (248) 502-4001
cnoland@mcgrawmorris.com
brajsic@mcgrawmorris.com
tdevries@mcgrawmorris.com